Edwabd S. Conway, J.
In this article 78 proceeding, the petitioner, Marist College, seeks an order directing the respondent, the Commissioner of Education, to provide State aid for the full annual period commencing July 1, 1970 pursuant to section 6401 of the Education Law.
*934 On July 7,1970 Marist College, petitioner herein, made formal application for State aid under section 6401 of the Education Law for the 1970-1971 school year. Section 6401 authorized the Commissioner of Education to apportion for each annual period commencing July 1, 1969 and to pay public moneys to certain nonpublic institutions of higher education which met certain requirements which were outlined in the statute. The respondent acknowledged receipt of petitioner’s application on July 13, 1970. The application resulted in extended correspondence between petitioner and respondent. By letter dated April 27, 1971, respondent advised the petitioner that Marist College was eligible as of November 1, 1970 for apportionments of State aid. The respondent indicated that the effective date of November 1, 1970 .reflects the date on which the petitioner provided the Education Department with the necessary information in support of its application for State aid and did meet all the statutory requirements of section 6401 (subd. 2, par. d) of the Education Law.
Petitioner contends that there is no necessary correlation between the November 1 date selected by the respondent and the time when any changes at all occurred at Marist College, and further that the attempted proration of the annual grant is contrary to legislative intent and that the findings of the respondent with respect to the noneligibility of Marist College prior to November, 1970 are arbitrary and capricious.
Respondent contends that the statute specifically authorizes apportionment of a “ portion ’ ’ of the annual aid, and that the necessary reports were not submitted prior to November 1, 1970.
Subdivision 5 of section 6401 of the Education Law provides as follows: “ The commissioner shall promulgate regulations requiring the submission to him by any institution intending to apply for state aid apportionments pursuant to this section, of reports in such form at such times and containing such information as he shall by such regulations require, concerning, but not limited to such matters as the present and contemplated future programs, curricula and facilities of the institution, and its financial affairs, its long range plans and its progress in implementing such plans, and its administrative practices and procedures. No institution shall be eligible to receive any apportionment of state aid, or portion thereof, payable pursucmt to this section unless such institution shall have submitted all reports required pursuant to such regulations, in form satisfactory to the commissioner.” (Italics added.)
*935 In the opinion of this court, the statute expressly authorized the payment of only a portion of the annual amount otherwise allocable to an institution when the necessary reports are submitted after the commencement of an academic year.
In accordance with the mandate of subdivision 5 of section 6401, the Commissioner has established a procedure to be followed by an institution applying for aid. The procedure to be followed was proper and required by the statute.
In applying subdivision 5 of section 6401 of the Education Law, the Appellate Division, Third Department, in Matter of Coll. of New Rochelle v. Nyquist (37 A D 2d 461, 463-464), recently stated in part: “The Commissioner’s determination, made pursuant to the authority delegated to him by the Legislature, is best characterized as an ‘ administrative ’ decision as opposed to a ‘ judieial ’ or ‘ quasi-judicial ’ one. Since the decision was administrative in nature, no adversary hearing need be held nor may a due process objection to the procedure followed be made; it is required only that the determination have a rational basis.” (Italics supplied.)
The determination of the Commissioner in this case is authorized by the statute and has a rational basis and is therefore not arbitrary or capricious.
Accordingly, the petition must be denied and dismissed.